**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 42310, 42311 & 42344**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 524** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  June 19, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **LUIS ENRIQUE GONZALEZ,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. G. Richard Bevan, District Judge.

Judgments of conviction and aggregate unified sentences of twenty years, with a minimum period of confinement of ten years, for possession of a controlled substance, attempted concealment of evidence, being a persistent violator, grand theft, and three counts of burglary, affirmed; orders denying I.C.R. 35 motions for reduction of sentences, affirmed.

Sara B. Thomas, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

In Docket No. 42310, Luis Enrique Gonzalez pled guilty to possession of a controlled substance, I.C. § 37-2732(c)(1), and attempted concealment of evidence, I.C. § 18-2603 and 18-306.  The district court sentenced Gonzalez to a unified term of twenty years, with a minimum period of confinement of five years for possession of a controlled substance and a concurrent determinate term of one and one-half years for attempted concealment of evidence.

1

In Docket No. 42311, Gonzalez pled guilty to grand theft, I.C. § 18-2403(1) and 18-2407(1)(b); two counts of burglary, I.C. § 18-1401; and being a persistent violator of the law, I.C. § 19-2514. The district court sentenced Gonzalez to a unified term of twenty years, with a minimum period of confinement of ten years, for grand theft and being a persistent violator and to determinate terms of ten years for the two counts of burglary. The district court ordered that Gonzalez's sentences be served concurrently with each other and with the sentences in Docket No. 42310.

In Docket No. 42344, Gonzalez pled guilty to burglary. I.C. § 18-1401. The district court sentenced Gonzalez to a determinate term of ten years. The district court ordered that Gonzalez's sentence be served concurrently with the sentences in Docket Nos. 42310 and 42311.

Gonzalez filed I.C.R 35 motions for reduction of his sentences, which the district court denied. Gonzalez appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Gonzalez's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740

2

P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73.  Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Gonzalez's judgments of conviction and sentences, and the district court's orders denying Gonzalez's Rule 35 motions, are affirmed.